FILED
2011 MAR 21 PM 3:46
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

DENNIS J. NAGLE,

Plaintiff,

vs.

OLIN CORPORATION,

Defendant.

No. 5:11-CV-156-OC-99TJC-TEM

**Removal from:
County Court, Lake County, FL
Case No. 2011-SC-000736**

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1340, 1441, and 1446, Defendant Olin Corporation ("Olin"), hereby removes to this Court a state court civil action titled *Nagle v. Olin Corporation*, Case No. 2011-SC-000736, now pending in County Court, Lake County, Florida (the "state court action"). In support of this Notice of Removal, Olin states as follows:

1. On February 24, 2011, Dennis J. Nagle ("Nagle") filed the state court action. The Docket in the state court action is attached hereto as Exhibit A. The Complaint in the state court action is attached hereto as Exhibit B, which also includes a copy of all process, pleadings, and orders served upon Olin in the state court action. The Complaint alleges that Olin is liable under 26 U.S.C. § 301.6332-1(c) because it improperly surrendered Nagle's property when it complied with an Internal Revenue Service ("IRS") lien notice garnishing his pension benefits. Nagle further asserts that he is not a person to which the IRS levy statute, 26 U.S.C. § 6331, applies, that Olin should not have complied with the levy absent a

court order, and that Olin failed to send him notice of the levy. The Complaint seeks the return of payments Olin made to the IRS pursuant to a lien notice, interest, costs of the action, and an order compelling Olin to resume payments to Nagle. Olin is filing its Motion to Dismiss in the Middle District of Florida Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

2. Pursuant to 28 U.S.C. § 1441(a), the state court action is properly removed. Civil actions brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the Defendant, to the district court of the United States for the district and division embracing the place where such action is pending.

3. Any civil actions of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States are removable without regard to the citizenship or residence of the parties. 28 U.S.C. § 1441(b).

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." Nagle's claims arise under Title 26 of the United States Code, the Internal Revenue Code.

5. This Court also has jurisdiction under 28 U.S.C. § 1340, which provides, in relevant part, that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue..." Nagle's claims arise under the Internal Revenue Code.

6. All other requirements for removal in 28 U.S.C. §1446 are met. This Notice of Removal was filed within thirty days of Olin's receipt of the Complaint in the state court action on February 28, 2011, as required by 28 U.S.C. § 1446(b).

7. Pursuant to 28 U.S.C. § 1446(d), Olin will provide written notice of the filing of this Notice of Removal to all adverse parties; Olin will file a copy of this Notice of Removal with the clerk of the County Court of Lake County, State of Florida; this Notice of Removal is signed in accordance with Fed. R. Civ. P. 11; and Olin has attached a copy of all process, pleadings, and orders served upon it in the state court action at Exhibit B.

8. Pursuant to 28 U.S.C. §§ 1446(a), 1391(b), the County Court of Lake County, Florida, is within this Court's district and division.

9. Therefore, because all requirements for removal are satisfied, the state court action is properly removed to this Court under 28 U.S.C. §1441.

WHEREFORE, Olin respectfully requests that this Court issue an order removing the state court action, *Nagle v. Olin Corporation*, Case No. 2011-SC-000736, from the County Court of Lake County, Florida to this Court.

Respectfully submitted,

OLIN CORPORATION

By: s/ Rishi Bagga
One of its Attorneys

Rishi Bagga
BAGGA LAW, LLC
37 N. Orange Ave., Suite 500
Orlando, FL 32801
Phone: (407) 926-4131

Fax: (407) 926-4138
Email: rishi@baggalaw.net
Bar Number: 25700

Amanda S. Amert
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
Phone: (312) 923-2605
Fax: (312) 923-2705
E-mail: aamert@jenner.com
Motion for *Pro Hac Vice* Admission Pending

# EXHIBIT A

| 2011 SC 000736 -- NAGLE, DENNIS J vs. OLIN CORPORATION | | | |
|---|---|---|---|
| Judge: | NEAL, TERRY T | Date Filed: | 2/23/2011 |
| Case Type: | Small Claims | Case Status: | Open |

**Parties**

| Plaintiff | Defendant |
|---|---|
| NAGLE, DENNIS J<br><br>Attorney: (Unknown) | OLIN CORPORATION<br><br>Attorney: (Unknown) |
| | |

**Disposition(s)**

| Status | Status Date | Disposition Code | Disposition Date | Action Code |
|---|---|---|---|---|
| Open | 2/23/2011 | UNDISPOSED | | SC6 SMALL CLAIMS: $500.01 - $2500.00 |

**Events**

| Event Type | Block Date | Start Time | End Time | Judge | Result Code |
|---|---|---|---|---|---|
| MEDIATION (SC/CC) | 3/2/2011 | 9:30 AM | 9:30 AM | MEDIATOR (SMALL CLAIMS), | CANCELLED |
| MEDIATION (SC/CC) | 4/13/2011 | 9:30 AM | 9:30 AM | MEDIATOR (SMALL CLAIMS), | |

**Costs**

| Date | Docket Application | Owed | Paid | Dismissed | Due |
|---|---|---|---|---|---|
| 2/23/2011 | FILING FEE | $175.00 | $175.00 | $0.00 | $0.00 |
| 2/23/2011 | SERVICE CHARGES | $10.00 | $10.00 | $0.00 | $0.00 |
| 2/23/2011 | SERVICE CHARGES | $5.54 | $5.54 | $0.00 | $0.00 |
| | Total Fees | $190.54 | $190.54 | $0.00 | $0.00 |

| Additional Fields |
|---|
| (None) |

| Docket | | | |
|---|---|---|---|
| **Date** | **Ref.** | **Docket Text** | **Images** |
| 3/2/2011 | 7 | CERTIFIED MAIL SUMMONS RETURNED SERVED / 022811 | |
| 3/2/2011 | 6 | CERTIFIED MAIL SUMMONS RETURNED SERVED / 022811 | |
| 2/25/2011 | 5 | SUMMONS RE- ISSUED TO OLIN CORPORATION C/O CT CORPORATION SYSTEMS AND CERTIFIED MAILED FOR RE-SCHEDULED MEDIATION ON 041311 AT 9 30AM | |
| 2/25/2011 | | MEDIATION HEARING SET Event: MEDIATION (SC/CC) Date: 04/13/2011 Time: 9:30 am Judge: MEDIATOR (SMALL CLAIMS) Location: JURY ASSEMBLY ROOM | |
| 2/24/2011 | 4 | SUMMONS ISSUED TO OLIN CORPORATION C/O CT CORPORATION SYSTEMS AND CERTIFIED MAILED FOR MEDIATION ON 030211 AT 9 30AM ***CANCELLED MEDIATION SET IN | |

| | | | |
|---|---|---|---|
| | | ERROR††† | |
| 2/24/2011 | | MEDIATION HEARING SET††CANCELLED†† Event: MEDIATION (SC/CC) Date: 03/02/2011 Time: 9:30 am Judge: MEDIATOR (SMALL CLAIMS) Location: JURY ASSEMBLY ROOM Result: CANCELLED | |
| 2/23/2011 | 3 | CHECK LIST | |
| 2/23/2011 | 2 | STATEMENT OF RESPONSIBILITY | |
| 2/23/2011 | 1 | STATEMENT OF CLAIM WITH ATTACHMENTS | |
| 2/23/2011 | | ISSUING SUMMONS / COUNTY CIVIL Receipt: 253678 Date: 02/23/2011 | |
| 2/23/2011 | | FILING FEE ASSESSED - SMALL CLAIMS - $500.01 - $2500.00 Receipt: 253678 Date: 02/23/2011 | |
| 2/23/2011 | | CI OTHER 28.24 CHARGES - COUNTY CIVIL Receipt: 253678 Date: 02/23/2011 | |

# EXHIBIT B



**Service of Process Transmittal**
02/28/2011
CT Log Number 518103747

**TO:** Stuart Roth
Olin Corporation
88 Danbury Road, Suite 2C
Wilton, CT 06897

**RE:** **Process Served in Florida**

**FOR:** Olin Corporation (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Dennis J. Nagle, etc., Pltf. vs. Olin Corporation, Dft. |
| **DOCUMENT(S) SERVED:** | Summons/Notice to Appear (2 Sets), Statement of Claim, Exhibit(s) |
| **COURT/AGENCY:** | Lake County Court, FL<br>Case # 2011-SC-000736 |
| **NATURE OF ACTION:** | Defendant mistakenly surrendered Plaintiff's pendion funds to the United States Treasury - Seeking $1,758.54 and to resume pension payments to Plaintiff |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 02/28/2011 postmarked on 02/24/2011 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | March 2, 2011 at 9:30 a.m. - Pretrial Conference |
| **ATTORNEY(S) / SENDER(S):** | Dennis J Nagle<br>18950 US Highway 441<br>#1269<br>Mount Dora, FL 32757 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/28/2011, Expected Purge Date: 03/05/2011<br>Telephone, Stuart Roth , 203-761-2580<br>Image SOP<br>Email Notification, Stuart Roth snroth@olin.com<br>Email Notification, Jackie Rochester jrochester@olin.com<br>Email Notification, Tana Fox tefox@olin.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Donna Moch |
| **ADDRESS:** | 1200 South Pine Island Road<br>Plantation, FL 33324 |
| **TELEPHONE:** | 954-473-5503 |

Page 1 of 1 / Jd

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

COUNTY CIVIL
LAKE COUNTY, FLORIDA
CASE NO. [illegible]

DENNIS [illegible]
[illegible]
MOUNT DORA FL [illegible]
Plaintiff

VS

OLIN CORPORATION
Defendant

**THIS HEARING WILL BE A MEDIATION CONFERENCE ONLY**
SUMMONS/NOTICE TO APPEAR FOR MEDIATION CONFERENCE

STATE OF FLORIDA TO:

OLIN CORPORATION
C/O CT CORPORATION SYSTEMS
1200 S PINE ISLAND ROAD
PLANTATION FL [illegible]

[illegible] DEFENDANT(S)

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the Lake County Judicial Center, 550 West Main Street, Tavares, Florida, in the JURY ASSEMBLY ROOM, on the FIRST FLOOR, on March [illegible], 2011, at 9:[illegible] am, before a [illegible].

**IMPORTANT – READ CAREFULLY**
**THE CASE WILL NOT BE TRIED AT THE PRETRIAL CONFERENCE, BUT MAY BE MEDIATED AT THAT TIME.**
**DO NOT BRING WITNESSES. YOU MUST APPEAR IN PERSON OR BY ATTORNEY.**
**WHOEVER APPEARS FOR A PARTY MUST HAVE FULL AUTHORITY TO SETTLE FOR ALL AMOUNTS FROM ZERO TO THE AMOUNT OF THE CLAIM WITHOUT FURTHER CONSULTATION. FAILURE TO COMPLY MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING COSTS, ATTORNEY FEES, ENTRY OF JUDGMENT, OR DISMISSAL.**

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE/MEDIATION. The date and time of the mediation conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the pretrial conference/mediation.

The purpose of the pretrial conference/mediation is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference/mediation. You or your attorney should be prepared to confer with the court/mediator and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

Mediation may take place during the time scheduled for the pretrial conference. Mediation is a process whereby an impartial and neutral third person called a mediator acts to encourage and facilitate the resolution of a dispute between two or more parties, without prescribing what the resolution should be. It is an informal and nonadversarial process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement.

In mediation, decision making rests with the parties. Negotiations in county court mediation are primarily conducted by the parties. Counsel for each party may participate. However, presence of counsel is not required. If a full agreement is not reached at mediation, the remaining issues of the case will be set for trial. Mediation communications are confidential and privileged except where disclosures are required or permitted by law.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendant(s) sued resides; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's(s') attorney, if any.

A copy of the statement of claim shall be served with this summons.

DATED at Tavares, Florida on Feb 24, 2011.

NEIL KELLY
CLERK OF COUNTY COURT
By: ______________________, Deputy Clerk

**BRING THIS NOTICE WITH YOU AT ALL TIMES!**

O:\CountyCivil\Small Claims\Small Claims Summons 2007.doc

# NOTICE TO PERSONS WITH DISABILITIES

(For case information, please call (352) 742-4343 or 742-4344)

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. *Please contact the ADA Coordinator at the Office of the Trial Court Administrator,* 550 West Main Street, Post Office Box 7800, Tavares, Florida, 32778, Telephone: (352) 253-1604, within two (2) working days of your receipt of this Summons/Notice to Appear. If you are hearing or voice impaired, call 1-800-955-8771.

**FOR CASE INFORMATION, PLEASE CALL (352) 742-4343 or 742-4145**

## NOTICE TO PERSONS WITH DISABILITIES

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at the Office of the Trial Court Administrator, Lake County Judicial Center, P.O. Box 7800/550 W. Main Street, Tavares, Florida, 32778, Telephone (352) 253-1604, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## PARKING

The parking lot is no longer available directly in front of the Lake County Judicial Center located at 550 West Main Street. Please use the free parking garage located at 200 N. Sinclair Avenue. Please be sure to allow sufficient time to walk from the parking garage to the Judicial Center to assure that you arrive on time for your appearance. A map of the walking route is available on our website: www.lakecountyclerk.org.

COUNTY CIVIL
LAKE COUNTY, FLORIDA
CASE NO. 2011 SC 000736

DENNIS J NAGLE
18930 US HIGHWAY 441 #1269
MOUNT DORA FL 32757
Plaintiff

VS

OLIN CORPORATION
Defendant

**°°THIS HEARING WILL BE A MEDIATION CONFERENCE ONLY°°**
**SUMMONS/NOTICE TO APPEAR FOR MEDIATION CONFERENCE**

STATE OF FLORIDA TO:

OLIN CORPORATION
C/O CT CORPORATION SYSTEMS
1200 S PINE ISLAND ROAD
PLANTATION FL 33324

**NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)**

**YOU ARE HEREBY NOTIFIED** that you are required to appear in person or by attorney at the Lake County Judicial Center, 550 West Main Street, Tavares, Florida, in the JURY ASSEMBLY ROOM, on the FIRST FLOOR, on March 02, 2011, at 9:30 am, before a Court Mediator.

**IMPORTANT – READ CAREFULLY**
**THE CASE WILL NOT BE TRIED AT THE PRETRIAL CONFERENCE, BUT MAY BE MEDIATED AT THAT TIME.**
**DO NOT BRING WITNESSES. YOU MUST APPEAR IN PERSON OR BY ATTORNEY.**
**WHOEVER APPEARS FOR A PARTY MUST HAVE FULL AUTHORITY TO SETTLE FOR ALL AMOUNTS FROM ZERO TO THE AMOUNT OF THE CLAIM WITHOUT FURTHER CONSULTATION. FAILURE TO COMPLY MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING COSTS, ATTORNEY FEES, ENTRY OF JUDGMENT, OR DISMISSAL.**

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE/MEDIATION. The date and time of the mediation conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the pretrial conference/mediation.

The purpose of the pretrial conference/mediation is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference/mediation. You or your attorney should be prepared to confer with the court/mediator and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

Mediation may take place during the time scheduled for the pretrial conference. Mediation is a process whereby an impartial and neutral third person called a mediator acts to encourage and facilitate the resolution of a dispute between two or more parties, without prescribing what the resolution should be. It is an informal and nonadversarial process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement.

In mediation, decision making rests with the parties. Negotiations in county court mediation are primarily conducted by the parties. Counsel for each party may participate. However, presence of counsel is not required. If a full agreement is not reached at mediation, the remaining issues of the case will be set for trial. Mediation communications are confidential and privileged except where disclosures are required or permitted by law.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendant(s) sued resides; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's(s') attorney, if any.

A copy of the statement of claim shall be served with this summons.

DATED at Tavares, Florida on Feb 24, 20 11.

NEIL KELLY
CLERK OF COUNTY COURT

By: ______________________, Deputy Clerk

**BRING THIS NOTICE WITH YOU AT ALL TIMES!**

# NOTICE TO PERSONS WITH DISABILITIES

(For case information, please call (352) 742-4343 or 742-4344)

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. *Please contact the ADA Coordinator at the Office of the Trial Court Administrator,* 550 West Main Street, Post Office Box 7800, Tavares, Florida, 32778, Telephone: (352) 253-1604, within two (2) working days of your receipt of this Summons/Notice to Appear. If you are hearing or voice impaired, call 1-800-955-8771.

**FOR CASE INFORMATION, PLEASE CALL (352) 742-4343 or 742-4145**

## NOTICE TO PERSONS WITH DISABILITIES

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at the Office of the Trial Court Administrator, Lake County Judicial Center, P.O. Box 7800/550 W. Main Street, Tavares, Florida, 32778, Telephone (352) 253-1604, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## PARKING

The parking lot is no longer available directly in front of the Lake County Judicial Center located at 550 West Main Street. Please use the free parking garage located at 200 N. Sinclair Avenue. Please be sure to allow sufficient time to walk from the parking garage to the Judicial Center to assure that you arrive on time for your appearance. A map of the walking route is available on our website: www.lakecountyclerk.org.