COUNTY COURT, LAKE COUNTY, FLORIDA

DENNIS J. NAGLE, *in propria persona,*
    18950 US Highway 441 #126
    Mt. Dora, Florida 32757-6736

    Plaintiff,

Case No.: 11SC736

vs.

OLIN CORPORATION,
    c/o CT Corporation System
    1200 S. Pine Island Road
    Plantation, FL 33324

    Defendant
_____/

## STATEMENT OF CLAIM

The above named Plaintiff sues the above named Defendant for:

1. This is an action for damages of less than $5,000.00 exclusive of costs, interest and attorney's fees. The Lake County Florida Small Claims Court has jurisdiction in this matter which is a case for money due and owing and payable in Lake County.

2. Plaintiff is an individual residing in Lake County, Florida representing himself without the aid of an attorney. Plaintiff is not an officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia.

3. Defendant is a Virginia corporation with principal mailing address at 190 Carondelet Plaza, Suite 1530, Clayton, Missouri 63105.

4. Defendant manages a pension fund on behalf of its retirees and the fund is managed at 88 Danbury Road, Suite 2C, Wilton, Connecticut 06897-4423.

5. Defendant is an active business entity in the State of Florida. The registered agent is CT Corporation system with mailing address 1200 S. Pine Island Road, Plantation, Florida 33324.

6. Plaintiff was an employee of Defendant from April, 1977 to March, 1991 and earned a pension benefit from Defendant under a defined benefit plan. (Exhibit "A")

7. On December 9, 2010, Defendant notified Plaintiff (Exhibit "B") of its intention to convert Plaintiff's future pension payments and divert them to the Internal Revenue Service.

8. On January 13, 2011, Plaintiff requested (Exhibit "C") documentation from Defendant to support its announcement of December 9, 2010. The request was sent certified mail with tracking number 7008-1300-0000-8302-2611. Defendant received Plaintiff's request on January 18, 2011 (Exhibit "D"). Defendant has not replied to Plaintiff's request.

9. Plaintiff alleges that Defendant used a non-negotiable instrument, Notice of Levy (Exhibit "E"), to garnish Plaintiff's salary on behalf of the Internal Revenue Service. There is no court order to establish an actual levy (negotiable instrument) as required by statute 26 U.S.C §7403.

10. The Notice of Levy is allegedly premised on 26 U.S.C §6331. Paragraph (a) of this section allows levy on the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia. Plaintiff is not a person to which 26 U.S.C §6331 applies.

11. Defendant is in receipt of an affidavit by Plaintiff (Exhibit "F") stating that the Internal Revenue Service accepted full payment for amounts allegedly owed by Plaintiff for tax years 2001 through 2006 on January 24, 2011. The affidavit was sent certified mail with tracking number 7010-1670-0000-4503-4226. Defendant received Plaintiff's request on February 22, 2011 (Exhibit "G").

12. Defendant is liable to Plaintiff for property mistakenly surrendered to the United States Treasury per statute 26 U.S.C §301.6332-1(c).

13. To date, Defendant has converted two of Plaintiff's monthly pension payments totaling $1,758.54. These payments were payable to Plaintiff in December, 2010 and January, 2011.

## CLAIM FOR RELIEF

14. Plaintiff has been damaged in the amount of $1,758.54.

15. Plaintiff has had to incur costs of $179.54 to bring this action.

**WHEREFORE**, Plaintiff prays for relief as follows:

1. For current damages of $1,758.54 plus any future pension payments not paid to Plaintiff by Defendant during the course of this action.

2. For an award of interest.

3. For an award of costs to bring this action.

4. For an order to Olin Corporation to resume pension payments to Plaintiff.

5. For such other and further relief as the Court deems just and proper.

Filing Fee: $175.00
Service Fee: $5.54 for service by certified mail

STATE OF FLORIDA }
                               } §
COUNTY OF LAKE }

      The undersigned, being by me first duly sworn, says that he is the Plaintiff and that the foregoing is a just and true statement of the amount owing by the above names Defendant to said Plaintiff, exclusive of all set-offs and just grounds for defense. Plaintiff states that the suit initiated by the foregoing statement of claim is brought in good faith and with no intention to annoy the above named Defendant; and further, says that the Defendant is not in the military service of the United States.

_Dennis J. Nagle_
Signature of Plaintiff

Sworn to and subscribed before me by Dennis J. Nagle who is personally known to me or produced his driver's license as identification on this 23rd day of February, 2011.

_Leona Henry_
Signature of Notary Public
My Commission Expires: Oct 4th 2014

LEONA HENRY
Notary Public, State of Florida
Commission# EE 31910
My comm. expires October 4, 2014



88 Danbury Road, Suite 2C, Wilton, CT 06897-4423

PENSION DEPARTMENT
Phone: 1 (800) 332-6546
email: Pension@olin.com

## RETIREMENT LETTER

October 18, 2007

Mr. Dennis J Nagle
252 Ardice Ave #414
Eustis, FL  32726

SS#385-xx-1984

Dear Mr. Nagle:

Your application for retirement effective October 1, 2007 has been received and approved. You have elected a payment option intended to provide you with approximately the same income each year both before and after your Social Security benefit begins. Accordingly, your pension has been adjusted to provide you with an increased pension benefit before age 62 and a reduced benefit thereafter.

A monthly pension benefit in the amount of $879.27 has been authorized for payment to you through age 62. Beginning the month after you obtain age 62, your monthly pension benefit will be $0.00. Pension benefits will cease upon your death.

Monthly benefit checks are mailed at the end of each month. If you have any questions concerning this benefit or if you change your address, please contact the Corporate Pension Department at the above address.

Best wishes in your retirement.

Sincerely,

ADMINISTRATIVE PENSION COMMITTEE

By *[signature]*

# EXHIBIT "A"

O L I N   C O R P O R A T I O N



88 Danbury Road, Suite 2C, Wilton, CT 06897-4423

PENSION DEPARTMENT
Phone: 1 (800) 332-6546
email: Pension@olin.com

December 9, 2010

Mr. Dennis J Nagle
18950 US Highway 441, #126
Mt. Dora, FL  32752

SS#385-xx-1984

Dear Mr. Nagle:

This letter is confirmation that effective December 1, 2010, your monthly pension check will be made payable to the US Treasury Department and mailed to the IRS.

As you know, when you retired in 2007, you elected the 62 level option with payments terminating on 9/30/2014. The IRS will be receiving these payments for the remainder of this time period.

If you have any questions, please contact Frank Siino @ the IRS. His phone # is (702) 868-5376.

Sincerely,

Denise Lockwood, Manager
Pension Department

cc:   Frank Siino – Internal Revenue Service

EXHIBIT "B"

**DENNIS J. NAGLE**
848 N. Rainbow Blvd #730
Las Vegas, Nevada 89107

**CERTIFIED MAIL: 7008-1300-0000-8302-2611**

January 13, 2011

Ms. Denise Lockwood
Manager, Pension Department
Olin Corporation
88 Danbury Road, Suite 2C
Wilton, CT 06897-4423

Dear Ms. Lockwood,

Thank you for the admission in your letter of December 22, 2010.

It occurs to me that your original letter of December 9, 2010 was not accompanied by any correspondence from the IRS. This is strange. When my employer was presented with a fraudulent levy, they at least had a copy of it to give to me. In fact, they were instructed by the IRS to do so. You did not provide any documentation from the IRS. Perhaps you never got any.

I am thinking that it is possible that you are keeping my money for yourself and that you were never directed by the IRS to do anything.

Please provide a copy of all documentation from the IRS that you received prior to deciding to hand over my pension. Failure to do so within fifteen days of receipt of this letter will be interpreted by me that such documentation does not exist. At that time, I will file a complaint with the FBI for criminal conversion.

Sincerely,

*[signature]*
Dennis Nagle
Victim and Witness

# EXHIBIT "C"

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _[signature]_  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>_[illegible]_  1/18/11 |
| 1. Article Addressed to:<br>DENISE LOCKWOOD<br>OLIN<br>88 DANBURY, 2C<br>WILTON, CT<br>06897-4423 | D. Is delivery address different from item 1? ☑ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7008 1300 0000 8302 2611 |
| PS Form 3811, February 2004 | Domestic Return Receipt  102595-02-M-1540 |

# EXHIBIT "D"

| | | |
|---|---|---|
| Form 668-W(ICS) (Rev. July 2002) | Department of the Treasury – Internal Revenue Service **Notice of Levy on Wages, Salary, and Other Income** | |

DATE: 11/02/2010

REPLY TO: Internal Revenue Service
FRANK A SIINO
110 CITY PARKWAY
MS: 5209 - LVG
LAS VEGAS, NV 89106

TELEPHONE NUMBER
OF IRS OFFICE: (702)868-5376

NAME AND ADDRESS OF TAXPAYER:
DENNIS J NAGLE
848 N RAINBOW BLVD # 730
LAS VEGAS, NV 89107-1103

TO: US NUTRACEUTICALS LLC
2751 NUTRA LANE
EUSTIS, FL 32726

IDENTIFYING NUMBER(S): ███-1984

NAGL

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2001 | $30,434.72 | $16,368.10 | $46,802.82 |
| 1040 | 12/31/2002 | $14,510.10 | $6,876.55 | $21,386.65 |
| 1040 | 12/31/2003 | $7,794.02 | $3,236.47 | $11,030.49 |
| 1040 | 12/31/2005 | $23,731.75 | $1,915.85 | $25,647.60 |
| 1040 | 12/31/2006 | $42,731.51 | $3,332.34 | $46,063.85 |
| | | | **Total Amount Due** ⇒ | **$150,931.41** |

We figured the interest and late payment penalty to __12/02/2010__

Although we asked you to pay the amount you owe, it is still not paid.

This is your copy of a Notice of Levy we have sent to collect the unpaid amount. We will send other levies if we don't get sufficient funds to pay the total amount you owe.

This levy requires the person who received it to turn over to us: your wages and salary that have been earned but not paid, as well as wages and salary earned in the future until the levy is released; and (2) your other income that the person has now or is obligated to pay you. This money is levied to the extent it isn't exempt, as explained on the back of Part 5 of this form.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment (*cash, cashier's check, or money order*) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to United States Treasury. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If you have any questions or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time for us to call you.

**Please see the back of Part 5 for instructions.**

| Signature of Service Representative /S/ FRANK A SIINO | Title **REVENUE OFFICER** |
|---|---|

Part 2 –    For Taxpayer    Catalog No. 35390F    www.irs.gov    Form 668-W(ICS) (7-2002)

# EXHIBIT "E"

Excerpts from the Internal Revenue Code

### Sec. 6331. LEVY AND DISTRAINT.

(b) Seizure and Sale of Property.—The term "levy" as used in this title includes the power of distraint and seizure by any means. Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

(c) Successive Seizures.—Whenever any property or right to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of the United States for which levy is made, the Secretary may, thereafter, and as often as may be necessary, proceed to levy in like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

(e) Continuing Levy on Salary and Wages.—The effect of a levy on salary or wages payable to or received by a taxpayer shall be continuous from the date such levy is first made until such levy is released under Section 6343.

### Sec. 6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.

(a) Requirement.—Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

(d) Enforcement of Levy.

(1) Extent of personal liability.—Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331 (d)(3), from the date such person would otherwise have been obligated to pay over such amounts to the taxpayer). Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

(2) Penalty for violation.—In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

(e) Effect of honoring levy.—Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)), shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

### Sec. 6333. PRODUCTION OF BOOKS.

If a levy has been made or is about to be made on any property, or right to property, any person having custody or control of any books or records, containing evidence or statements relating to the property or right to property subject to levy, shall, upon demand of the Secretary, exhibit such books or records to the Secretary.

### Sec. 6334. PROPERTY EXEMPT FROM LEVY.

(a) Enumeration.—There shall be exempt from levy

(4) Unemployment benefits.—Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State, or of the District of Columbia or of the Commonwealth of Puerto Rico.

(6) Certain annuity and pension payments.—Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 562), and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code.

(7) Workmen's compensation.—Any amount payable to an individual as workmen's compensation (including any portion thereof payable with respect to dependents) under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

(8) Judgments for support of minor children.—If the taxpayer is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

(9) Minimum exemption for wages, salary and other income.—Any amount payable to or received by an individual as wages or salary for personal services, or as income derived from other sources, during any period, to the extent that the total of such amounts payable to or received by him during such period does not exceed the applicable exempt amount determined under subsection (d).

(10) Certain service-connected disability payments.—Any amount payable to an individual as a service-connected (within the meaning of section 101(16) of title 38, United States Code) disability benefit under-
(A) subchapter II, III, IV, V, or VI of chapter 11 of such title 38, or
(B) Chapter 13, 21, 23, 31, 32, 34, 35, 37, or 39 of such title 38.

(11) Certain public assistance payments.—Any amount payable to an individual as a recipient of public assistance under-
(A) title IV or title XVI (relating to supplemental security income for the aged, blind, and disabled) of the Social Security Act, or
(B) State or local government public assistance or public welfare programs for which eligibility is determined by a needs or income test.

(12) Assistance Under Job Training Partnership Act.—Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. 1501 et seq.) from funds appropriated pursuant to such Act.

(d) Exempt Amount of Wages, Salary, or Other Income.—

(1) Individuals on weekly basis.—In the case of an individual who is paid or receives all of his wages, salary, and other income on a weekly basis, the amount of the wages, salary, and other income payable to or received by him during any week which is exempt from levy under subsection (a) (9) shall be the exempt amount.

(2) Exempt Amount.—For purposes of paragraph (1), the term "exempt amount" means an amount equal to—
(A) the sum of—
(i) the standard deduction, and
(ii) the aggregate amount of the deductions for personal exemptions allowed the taxpayer under section 151 in the taxable year in which such levy occurs divided by
(B) 52.
Unless the taxpayer submits to the Secretary a written and properly verified statement specifying the facts necessary to determine the proper amount under subparagraph (A), subparagraph (A) shall be applied as if the taxpayer were a married individual filing a separate return with only 1 personal exemption.

(3) Individuals on basis other than weekly.—In the case of any individual not described in paragraph (1), the amount of wages, salary, and other income payable to or received by him during any applicable pay period or other fiscal period (as determined under regulations prescribed by the Secretary) which is exempt from levy under subsection (a) (9) shall be an amount (determined under such regulations) which as nearly as possible will result in the same total exemption from levy for such individual over a period of time as he would have under paragraph (1) if (during such period of time) he were paid or received such wages, salary and other income on a regular weekly basis.

### Sec. 6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.

(a) Release of Levy and Notice of Release.—

(1) In General.—Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all, or part of, the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if—

(A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,
(B) release of such levy will facilitate the collection of such liability,
(C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,
(D) the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or
(E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

For purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary.

(2) Expedited determination on certain business property.—In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.

(3) Subsequent levy.—The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

(b) Return of Property.—If the Secretary determines that property has been wrongfully levied upon, it shall be lawful for the Secretary to return-
(1) the specific property levied upon,
(2) an amount of money equal to the amount of money levied upon, or
(3) an amount of money equal to the amount of money received by the United States from a sale of such property.

Property may be returned at any time. An amount equal to the amount of money levied upon or received from such sale may be returned at any time before the expiration of 9 months from the date of such levy. For purposes of paragraph (3), if property is declared purchased by the United States at a sale pursuant to section 6335(e) (relating to manner and conditions of sale), the United States shall be treated as having received an amount of money equal to the minimum price determined pursuant to such section or (if larger) the amount received by the United States from the resale of such property.

(d) RETURN OF PROPERTY IN CERTAIN CASES.—IF—
(1) any property has been levied upon, and
(2) the Secretary determines that—
(A) the levy on such property was premature or otherwise not in accordance with administrative procedures of the Secretary,
(B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the levy was imposed by means of installment payments, unless such agreement provides otherwise,
(C) the return of such property will facilitate the collection of the tax liability, or
(D) with the consent of the taxpayer or the National Taxpayer Advocate, the return of such property would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States, the provisions of subsection (b) shall apply in the same manner as if such property had been wrongly levied upon, except that no interest shall be allowed under subsection (c).

Form 668-W(ICS) (7-2002)

**EXHIBIT "E" (page 2)**

## AFFIDAVIT

STATE OF FLORIDA   }
                   } §
COUNTY OF LAKE     }

Comes now Dennis J. Nagle, the Affiant, and does solemnly affirm that the statements herein are true and correct in substance and in fact, to wit:

1) I am legally competent and qualified to testify as to the facts stated herein.

2) I have first-hand, personal knowledge of the facts stated herein.

3) On Tuesday, January 18, 2011, an employee of the United States Internal Revenue Service (IRS) personally delivered to me Form 668-C demanding payment of $150,931.41 allegedly owed by me for tax years 2001, 2002, 2003, 2005, and 2006.

4) On January 20, 2011, I mailed a negotiable instrument to the IRS at 850 Trafalgar Court, Maitland, Florida payable in the amount of $150,931.41. It was sent by Certified US Mail with tracking number 7006-2150-0005-0430-3592.

5) On January 24, 2011, I discovered on the United States Postal Service website that the negotiable instrument referenced above was delivered to the IRS on January 21, 2011.

FURTHER, AFFIANT SAYETH NOT.

_____
Signature of Affiant

STATE OF FLORIDA   }
                   } §
COUNTY OF LAKE     }

Subscribed and sworn before me this 24th day of January, A.D. 2011.

WITNESS my hand and official seal.


VICTOR LOPEZ
Notary Public - State of Florida
My Comm. Expires Nov 16, 2014
Commission # EE 42688

_____
Signature of Notary Public

# EXHIBIT "F"

**UNITED STATES POSTAL SERVICE**

Home | Help | Sign In

Track & Confirm | FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: 7010 1670 0000 4503 4226
Expected Delivery Date: February 22, 2011
Class: First-Class Mail®
Service(s): Certified Mail™
Status: Delivered

Your item was delivered at 3:54 pm on February 22, 2011 in WILTON, CT 06897.

**Detailed Results:**

- Delivered, February 22, 2011, 3:54 pm, WILTON, CT 06897
- Arrival at Unit, February 22, 2011, 7:41 am, WILTON, CT 06897
- Acceptance, February 17, 2011, 10:46 am, MINNEOLA, FL 34755

**Notification Options**

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email. (Go>)

**Track & Confirm**
Enter Label/Receipt Number.

(Go>)

# EXHIBIT "G"

This Mediation Program has been established by your County Court Judges...

**RICHARD W. BOYLSTON**
and
**DONNA F. MILLER**



# LAKE COUNTY COURT MEDIATION PROGRAM

## LAKE COUNTY COURT MEDIATION

This pamphlet will give you a brief overview of the program and process you are about to encounter.

## WHAT IS MEDIATION?

Mediation offers a forum for solving conflicts before going to court. By reaching a settlement during mediation, you avoid the uncertainty of a trial in which the judge will dictate the result. In mediation, a neutral third party listens to both sides of a case and tries to encourage a resolution. It is informal and confidential.

## THE MEDIATION PROCESS

Only the parties directly involved in the dispute and/or their attorneys are allowed to attend the mediation conference unless both sides agree to include an interested third party. Each litigant is given the opportunity to present his/her side of the case and any supporting documents without interruption. The parties then attempt to reach a settlement.

## MEDIATORS

The mediators are volunteer citizens who have been trained by the Supreme Court. They are not attorneys and cannot give legal advice. They are only present to facilitate the process of settlement and to suggest possible solutions. They cannot advise you as to whether or not you have a good case, what you say in stipulation, or whether or not you've made a "good deal." No one can predict what a judge will decide in a case, or whether a trial is worth the time, trouble, and expense, even if you win.

## IF AN AGREEMENT IS REACHED

When a mutually acceptable agreement is reached between both parties, the mediator assists in preparing a written document reflecting conditions on which all parties have agreed. The document is then signed by each plaintiff and defendant. Each party is given a copy of the signed agreement. It is your responsibility to review the stipulation and make sure all of the amounts are correct. Do not sign the stipulation because you feel threatened or coerced by a party.

## IF AN AGREEMENT IS NOT REACHED

Should your case not settle, the matter will be assigned a trial date and time. Parties should be prepared to list any witnesses needed for the trial, the issues in dispute, and what, if anything, has been resolved. It is the responsibility of each party to subpoena their own witnesses and pay for any necessary expert testimony.

## IF THE DEFENDANT DOES NOT PAY ACCORDING TO THE STIPULATION

If a defendant does not make payment according to the stipulation, the plaintiff must file an affidavit of non-compliance with the court. The judge will then be requested to enter a judgment for either the total amount of damages on the stipulation, or another amount, if specified in the stipulation, less any payments made. A judgment may be used to place liens against property or garnish wages, although there are some exemptions available to certain debtors under Florida law.

## CONFIDENTIALITY

All information, not available through other methods, obtained during the mediation conference, is confidential. It cannot be used if your case goes to trial. Also, the mediator who facilitated the conference cannot be subpoenaed to court to testify on behalf of either party.

## SOME ADVANTAGES TO COUNTY COURT MEDIATION

- Parties actively participate in the mediation process.
- Immediate resolution.
- Information is confidential.
- Avoid returning to the courthouse at a later date.
- Avoid preparing for a trial.
- Avoid subpoenaing witnesses and the expense of expert witnesses.
- The mediation process is informal.

## CONCLUSION

We hope this pamphlet assists you in understanding the mediation process. Should you have any questions or would like further information about our program, please do not hesitate to call our office at (352) 742-4343.

County Court Mediation
Lake County Judicial Center
550 West Main Street
Tavares, FL 32778



**NEIL KELLY**
CLERK OF CIRCUIT COURT
550 WEST MAIN STREET
P.O. BOX 7800
TAVARES, FL 32778-7800

COUNTY CIVIL/vu

CERTIFIED MAIL

7008 1830 0003 8365 8837

02 1M
0004283367    $06.05
              FEB 24 2011
MAILED FROM ZIP CODE 32778

OLIN CORPORATION
C/O CT CORPORATION SYSTEMS
1200 S PINE ISLAND ROAD
PLANTATION FL 33324